UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMY MARIE FARID,

    Plaintiff,

v.                                       Case No.: 8:23-cv-2225-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

# OPINION AND ORDER

Plaintiff Amy Marie Farid seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for child's insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Eligibility**

In this case, to be entitled to child's insurance benefits, Plaintiff must have had a disability that began before she attained the age of 22. 42 U.S.C. § 402(d). The

law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*,

894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional

capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for child's insurance benefits on May 11, 2021, alleging disability beginning on December 18, 2011. (Tr. 541, 658-59). The application was

denied initially and on reconsideration. (Tr. 541, 548). Plaintiff requested a hearing and a supplemental hearing, which were held on January 6, 2022 and September 1, 2022, respectively, before Administrative Law Judge Norman Zamboni ("ALJ"). (Tr. 464-540). On January 30, 2023, the ALJ entered a decision finding Plaintiff not under a disability any time prior to the date she attained age 22. (Tr. 11-22). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on August 17, 2023. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on October 2, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 12).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff was born in December 1990, and had not attained the age of 22 as of December 18, 2011, the alleged onset date. (Tr. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 18, 2011. (Tr. 14). At step two, the ALJ found that prior to attaining the age of 22, Plaintiff had the following severe impairments: "cervical disc bulge and radiculitis; facet syndrome; fibromyalgia; and headaches." (Tr. 14). At step three, the ALJ found that prior to attaining the age of 22, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part

404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 15).

Before proceeding to step four, the ALJ found that prior to attaining the age of 22, Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that, prior to attaining age 22, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that the claimant can never climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs; can occasionally stoop, kneel, crouch, and crawl; and must avoid even moderate exposure to unprotected heights and dangerous moving machinery.

(Tr. 15).

At step four, the ALJ determined that Plaintiff had no past relevant work. (Tr. 20). At step five, the ALJ found that prior to attaining the age of 22, and considering Plaintiff's age (20 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 20). Specifically, the vocational expert responded to interrogatories that a person with Plaintiff's limitations could have performed such occupations as:

(1) Cashier, DOT 211.462-010,[1] light, SVP 2

(2) Price marker, DOT 209.587-034, light, SVP 2,

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

- 6 -

  (3) Sales attendant, DOT 299.677-010, light, SVP 2

(Tr. 21). The ALJ concluded that Plaintiff had not been under a disability prior to the date she attained the age of 22. (Tr. 22).

## II. Analysis

On appeal, Plaintiff raises four issues:

  (1) Whether the ALJ failed to protect Plaintiff's right to representation;

  (2) Whether the ALJ failed to develop the record;

  (3) Whether the ALJ failed to properly assess Plaintiff's mental impairments; and

  (4) Whether the ALJ erred in citing an obsolete job.

(Doc. 19, p. 1-2).

### A. Right to Representation

Plaintiff raises several issues claiming that Plaintiff was misinformed regarding her right to counsel. (Doc. 19, p. 8-14). The focus here will be on the argument that Plaintiff was prejudiced by the denial of her right to representation because the ALJ misled her regarding her right to have another hearing. (Doc. 19, p. 9-10). Plaintiff argues that the ALJ misled Plaintiff into believing that if she did not prevail at the ALJ level, she could hire an attorney and have another hearing, or basically start the process again. (Doc. 19, p. 9). The Commissioner contends that the ALJ acted properly in concert with the many notices and documents of record to

ensure that Plaintiff understood her right to representation. The transcript of the hearing does not support this position.

The Eleventh Circuit has long recognized that "'[a] Social Security claimant has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ.'" *Reynolds v. Soc. Sec. Admin.*, 679 F. App'x 826, 827 (11th Cir. 2017) (quoting *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). As a result, the Commissioner has a duty to notify a claimant in writing about the options for obtaining a lawyer or representative and must include that a legal services organization may provide legal services free of charge. *Id.* (citing 42 U.S.C. § 406(c)). If a claimant is not properly informed of her right to representation, either in a prehearing notice or at the hearing, a claimant cannot knowingly and intelligently waive her statutory right to counsel or representation. *Id.* at 827-828 (citing *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982)).

As the Commissioner contends, Plaintiff was notified several times of her right to representation. (Doc. 25, p. 4-6). For example, in informing Plaintiff of her right to appeal the initial decision in July 2021, SSA explained:

> You may choose to have a representative help you. We will work with this person just as we would work with you. If you decide to have a representative, you should find one quickly so that person can start preparing your case. Many representatives charge a fee. Some charge a fee only if you receive benefits. Others may represent you for free. Usually, your representative may not charge a fee unless we approve it. Your local Social

> Security office can give you a list of groups that can help you find a representative.

(Tr. 556-557). The record contains other such notices as well. (Tr. 578, 581, 610).

The issue is not whether Plaintiff received notice of her right to representation, but whether she knowingly waived this right. At the January 2022 hearing, Plaintiff asked the ALJ:

> Okay. I have a question, if things turn out in a way that I would like to appeal, can I appeal afterwards and do another court hearing – can I get an Attorney later if I chose to move forward?

(Tr. 500). The ALJ provides a very long and rather unclear response to this straight forward question:

> Sure. I'll explain that to you. No problem at all. That's a perfectly intelligent question. Let's see. When I issue my decision, obviously there's basically two possible outcomes, right? I could rule in your favor and grant the claim in which case you'll be eligible for the disability benefits.
>
> The other possibility is if I issue a decision denying your claim, yes, you can appeal that. Whenever a Judge such as myself, if we ever deny a claim which obviously does happen, there are very specific rights that you have where you can appeal. In fact, when the decision comes, you actually get like some written information explaining all that, telling you if you want to appeal this is how you do it.
>
> So you do get information telling you exactly what to do. What happens is there is an organization, it's actually called the Appeals Council that that's what they do. All they do is get appeals coming from Judges like me on disability cases. They're actually located up in the Washington, D.C. area. And they get, you know, cases from all over the country.

> You can – if I do issue an unfavorable decision and if I were to deny your claim, then yes, you could appeal it. It goes to the Appeals Council. And now they don't actually do another hearing. What they do is if they think that I should have not denied your claim, what they would probably do is send the case back to me and we would do another hearing here. Meaning, it will be with me, you know, and I'm here in the St. Petersburg area.
>
> The Appeals Council, itself, doesn't actually do hearings. If they think that there should be another hearing, they would send it back and I would do it again. Okay. And, yes, you are allowed even if you, even if you don't have a legal representative now, you can get one even after this hearing. If I were to issue a decision denying your claim and you want to get representation at that point to help you with the Appeal, then yes, you can absolutely do it at that point. Does that answer your question?

(Tr. 500-501).

The Commissioner argues that the ALJ properly explained that if the Appeals Council found he should not have denied Plaintiff's claim, then the Appeals Council would probably return the case to him for another hearing. (Doc. 25, p. 8). Even though the ALJ may have explained this process, this explanation did not go far enough.

While this explanation informed Plaintiff she could retain counsel or a representative at any time, it failed to inform her that if her claim and subsequent appeal were denied, she was not entitled to another hearing even if she retained counsel or a representative. In other words, Plaintiff was not informed that her testimony at these hearings, without counsel or a representative present, was her last

opportunity to testify unless her appeal of an unfavorable decision was granted and the Appeals Council remanded for a new hearing. The ALJ only presented the scenario of Plaintiff prevailing on appeal and the Appeals Council remanding and "probably" sending the claim back for another hearing. (Tr. 501). The ALJ's explanation was confusing and possibly misleading. Therefore, it is unclear whether Plaintiff knowingly and intelligently waived her statutory right to counsel or representation for the hearings.

The analysis does not stop there. Plaintiff must also show clear prejudice to remand this action. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997). To determine whether Plaintiff suffered prejudice based on not having counsel or a representative at the hearing, the Court turns to the next issue.

### B.     Duty to Develop the Record

Plaintiff argues that there is an evidentiary gap in the record based on the ALJ failing to question Plaintiff or her mother at both hearings about the relevant time period. (Doc. 19, p. 14). Plaintiff claims that the relevant period was from the alleged disability onset date of December 18, 2011, until Plaintiff turned 22 years old. (Doc. 19, po. 14-15). The Commissioner argues that Plaintiff simply speculates that if the ALJ asked different questions, the testimony could have supported her claim. (Doc. 25, p. 10). The Commissioner also argues that any new testimony offered would be regarding Plaintiff's subjective complaints and would suffer from the same lack of

objective medical support as her subjective already allegations in the record. (Doc. 15, p. 10-11).

A plaintiff bears the burden of proving she is disabled and is responsible "for producing evidence in support of h[er] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id.* See 20 C.F.R. § 404.1545(a)(3), 20 C.F.R. § 416.945(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources."). To remand a case because of an ALJ's failure to fully develop the record, the claimant must show that her right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). When a claimant is not represented at a hearing and has not properly waived her right to representation, such as here, then the ALJ has a "special duty" to develop the record. *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995).

At the start of the decision, the ALJ noted: "As required by section 202(d) of the Social Security Act, to be entitled to child's insurance benefits, the claimant must have a disability that began before attainment of age 22. After careful consideration

of all the evidence, I conclude the claimant has not been under a disability within the meaning of the Social Security Act prior to attaining age 22." (Tr. 12). At every step of the sequential evaluation, the ALJ noted that the relevant period was prior to Plaintiff attaining the age of 22. (Tr. 13-20). Later in the decision when reviewing the relevant medical records, the ALJ again reiterated: "In order for an adult claimant to be entitled to child disability benefits on the earnings record of their parent, the claimant must be at least 18 years old and have a disability that began before they attained age 22 (20 CFR 404.350(a)(5)). Therefore, evidence of the claimant's impairments prior to age 22 is of primary importance." (Tr. 16-17).

In contrast, at both the January and September 2022 hearings, the ALJ almost exclusively focused on Plaintiff's present impairments, not those from prior to her attaining the age of 22. (Tr. 464-440). Indeed, even though the ALJ made it clear in the decision that evidence of Plaintiff's impairments prior to the age of 22 was "of primary importance," the ALJ failed to make this point clear to Plaintiff during either hearing. In support of the ALJ, the Commissioner argues that Plaintiff and her mother had the opportunity during the hearings to testify about Plaintiff's condition prior to attaining the age of 22. Even though true, the ALJ never clearly informed Plaintiff of this fact, Plaintiff was not represented by counsel or a representative, and if this period was of "primary importance," the ALJ had the duty to develop the record for this relevant period and direct questions to this period.

In reviewing the transcripts of the hearings, arguably the ALJ only asked one question about the time before Plaintiff's attained the age of 22. The ALJ asked Plaintiff's mother (not Plaintiff) to compare Plaintiff's impairments now to when she was 20 or 21:

> Okay. One more thing and then I'm going to want probably just talk to Amy briefly again, like you know right before I wrap up. But actually, two things I wanted to ask you. Okay, so she, let me see, Amy is 31 and this started when she was like 20, 21. Here's what I would like to ask.
>
> Is there – and again, and if you don't really remember, that's perfectly fine but I'll ask. Is there much of a difference, like comparing her now to when this all first started like ten years ago. Like is there much of a difference between now and then?

(Tr. 533). Plaintiff's mother focused on the decline in Plaintiff's abilities rather than articulating Plaintiff's abilities prior to attaining the age of 22 and the ALJ did nor redirect or refocus her testimony. (Tr. 533-34).

Even if Plaintiff had properly waived her right to representation – which is not the case here – Plaintiff has shown clear prejudice such that remand is warranted. The ALJ failed to explain to Plaintiff at the hearing that her impairments prior to attaining the age of 22 was of "primary importance" and instead focused both hearings on her present impairments. While the Commissioner contends that Plaintiff and her mother were given an opportunity to testify about the relevant

period, arguably they appeared unaware of the importance of that testimony and the ALJ failed to inform them of this critical issue. Thus, remand is warranted.

### C.     Remaining Issues

Plaintiff also challenges whether the ALJ properly assessed her mental impairments and whether the ALJ erred in citing obsolete jobs. Rather than deciding these issues, because this action is remanded on other grounds that may affect the remaining issues, on remand, the Commissioner is directed to reconsider these issues as well.

### III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to properly advise Plaintiff of her right to counsel or a representative and ensure that any waiver is knowingly and intelligently done, develop a full and fair record, reconsider Plaintiff's mental impairments, and reconsider any jobs that Plaintiff may be capable of performing. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 11, 2024.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties